**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROE AH 71, | Case No. CV 24-9544 FMO (JCx) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| DOE 1 E, et al., | |
| Defendants. | |

On August 23, 2024, plaintiff Jane Roe ("plaintiff"), filed a complaint in Ventura County Superior Court ("state court") against defendants Does 1 through 3, (see Dkt. 1, Notice of Removal ("NOR") at 2), asserting state law claims for: (1) negligence; (2) negligent supervision of a minor; (3) sexual abuse of a minor; (4) negligent hiring, supervision, and retention; (5) negligent failure to warn, train, or educate; and (6) breach of mandatory duty. (See Dkt. 1-1, Complaint at ¶¶ 57-99). On November 4, 2024, defendants Does 1 and 2 (collectively, "the removing defendants") removed the action to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (See Dkt. 1, NOR at ¶ 3).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears

affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006). Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a),[1] complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a). Here, the court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.[2] See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction. See 28 U.S.C. § 1332(a). Removal at this stage, i.e., on the basis of the "initial pleading," must be ascertainable from an examination of the four corners of the Complaint. See Harris v. Bankers Life and Casualty Company, 425 F.3d 689, 694 (9th Cir. 2005) (Notice of removal under the first paragraph of § 1446(b) "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. . . . If no ground for removal is evident in [the Complaint], the case is 'not removable' at that stage.").

Defendants' NOR in this case is nearly identical to the Notice of Removal defendants filed in a similar case in this District, John Roe BV 73 v. Doe 1, et al., Case No. CV 24-9545. (Compare Case No. CV 24-9544, Dkt. 1, NOR at ¶¶ 7-32 with Case No. CV 24-9545, Dkt. 1, NOR at ¶¶ 7-32). Indeed, the NORs in both cases were filed on the same day. In John Roe, the court issued an order remanding the action for lack of diversity jurisdiction due to insufficient allegations regarding the plaintiff's citizenship and the amount in controversy. (See Case No. CV 24-9545,

---

[1] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

[2] Defendants only invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

Dkt. 10, Court's Order of November 7, 2024 at 2-4).  For the same reasons detailed in that order, (see id.), the court finds it prudent to remand this action.[3]

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden of proving that diversity of citizenship exists.  Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Ventura, 800 South Victoria Avenue Ventura, California 93009, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. Any pending motion is denied as **moot**.

Dated this 27th day of December, 2024.

/s/
Fernando M. Olguin
United States District Judge

---

[3] Here, defendants' allegations regarding plaintiff's citizenship are even more deficient than in John Roe.  Defendants allege only that "[p]ublicly available information indicates that Plaintiff now lives in Umatilla County, Oregon" – they do not allege plaintiff's citizenship at the time the complaint was filed and removal effected.  See Farrell by & Through Tr. of Farrell Living Tr. v. JP Morgan Chase Bank, N.A., 2020 WL 6318717, *2 (N.D. Cal. 2020) ("To remove an action based on diversity jurisdiction under 28 U.S.C. § 1332, complete diversity of citizenship 'is determined (and must exist) as of the time the complaint is filed and removal is effected.'") (citing Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002)).